# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAH COLOR TECHNOLOGIES LLC, | ) |
| Plaintiff, | ) |
| vs | ) Case No. 18 C 733 |
| ADOBE SYSTEMS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

MATTHEW F. KENNELLY, District Judge:

RAH Color Technologies LLC has sued Adobe Systems Inc. for infringement of four U.S. patents that RAH owns. All of the patents are for systems "for distributing and controlling color reproduction at multiple sites." RAH has licensed the technology covered by its patents to manufacturers of imaging equipment and providers of software and services. It contends that Adobe makes and sells software that employs color management techniques that infringe various claims of the patents.

Adobe has moved to transfer the case to the Northern District of California under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). There is no question that this suit "might have been brought" in the proposed transferee district, as

---

[1] In this decision, the Court has borrowed heavily from its decision in *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, No. 14 C 7488, 2015 WL 535981 (N.D. Ill. Feb. 9, 2015), which involved strikingly similar issues.

Adobe's headquarters is located there and infringing activity is alleged to have taken place there.

To obtain a transfer under section 1404(a), Adobe must demonstrate that the proposed transferee forum is "clearly more convenient" than RAH's chosen forum. *Heller Fin., Inc. v. MidWhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

**1.     Convenience of the parties and witnesses**

In evaluating the convenience of the parties and witnesses, a court considers (1) the plaintiff's choice of forum, (2) where events material to the lawsuit took place, (3) relative ease of access to proof, (4) the parties' convenience, and (5) the witnesses' convenience in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *see also Research Automation*, 626 F.3d at 978.

**a.     Plaintiff's choice of forum**

Courts ordinarily give substantial weight to the plaintiff's choice of a forum, particularly when it is the plaintiff's home forum. *See In re Nat'l Presto Indus.*, 347 F.3d at 664 (plaintiff's choice "should rarely be disturbed"); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) (common law forum non conveniens doctrine). The

plaintiff's choice of a forum, however, "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff," *Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (internal quotation marks omitted), at least in a case like *Chicago, Rock Island*, in which the plaintiff sued outside her home forum.

RAH did not file this suit in its home forum. RAH has only one office, located in Virginia, where its sole owner lives. Because it sued outside its home forum, RAH's choice of this district is entitled to minimal deference:

> When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.

*Piper Aircraft*, 454 U.S. at 255–56.

### b. Where events material to the lawsuit occurred

The events underlying the litigation have no significant relationship with this district. Infringement is claimed to have occurred here, in that the alleged infringing products are sold in this district and some training regarding use of the products is alleged to have occurred here. But given the products at issue, this does not differentiate this district from any other federal district. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue."). There is no basis to say that the degree of infringement in this district is more significant than in other districts generally, or in the proposed transferee district in particular.

No events of significance took place in this district. The patented products and

3

methods appear to have been developed in locations other than this district. And the materials provided by Adobe reflect that the accused products were developed in the Northern District of California, the proposed transferee district. This is a relevant factor in the analysis. See *Acer Am. Corp.*, 626 F.3d at 1256.

### c. The parties' convenience

The parties' relative convenience is the only factor that weighs against transfer. RAH chose this forum because it considered it more convenient. This seems to be a function of the shorter distance from Virginia, the presence of other litigation here involving the same patents (but different defendants), and the fact that its attorneys are located here. RAH also notes that the Northern District of California requires litigants to have local counsel, meaning that it will face additional expense if the case is transferred there. But the same is true of this district, meaning that Adobe is required to have counsel in this district even if its primary attorneys are elsewhere.

Of the several lawsuits that RAH filed here, only one is still pending, and a fully briefed motion to transfer is pending in that case. Given these circumstances, it is difficult to give this significant weight in deciding whether to transfer the present case. RAH also emphasizes the age of its principal in connection with the ease-of-travel issue, but if that was truly a significant factor one would have expected RAH to sue in Eastern District of Virginia. In any event, the attendance of Dr. Holub (RAH's principal) likely will be required only twice—for trial, and perhaps for any court-ordered settlement conference before that—and the fact that the flight is three hours longer each way is not a significant factor in this Court's view. The likelihood is that the case was filed here largely because RAH's primary attorneys are here. Though the Court can imagine a

4

case where this might be a significant point, this is not such a case; reliance on this factor would permit a plaintiff in a patent infringement suit to pick its venue by its choice of attorneys.

In sum, the convenience factor weighs against transfer, but only slightly.

### d. Access to sources of proof

Because the convenience of witnesses is assessed separately, the factor of "access to sources of proof" typically involves relevant records. In this case, there are no relevant records in the Northern District of Illinois, at least not that anyone has identified. RAH's relevant records are located in Virginia. Adobe's are located in California. And it appears that relevant records in the hands of third parties are located in New York and overseas.

This is not a significant factor cutting either way. The Federal Circuit has, at least in some cases, cited the location and transportation of records as a significant consideration in assessing convenience. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345–46 (Fed. Cir. 2009) (discussing the "burden on the petitioners to transport documents"). As this Court has stated in previous decisions, it is difficult to take this seriously. Although section 1404(a) was adopted in the 1940s, it does not require a court to pretend that lawsuits are litigated and tried as they were in that era. Business records nowadays are nearly all maintained digitally. More to the point, as any experienced litigator or trial judge can attest, when records are produced in litigation nowadays, they are all (or virtually all) *produced* digitally. The old saw about "backing up the truck" when a party seeks broad production of records now has meaning only to litigators of a certain age. There is no truck and, for the most part, there are not even

5

hard copies. Rather, documents are produced on digital media. Records that are in California are barely less accessible to a litigant in Illinois than they would be if they were in Illinois. And to directly address the point made in *Genentech*, the days when records had to be physically shipped in for trial or even document production during discovery are long gone. The Seventh Circuit, whose cases concerning section 1404(a) govern here, has acknowledged this. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (discussing section 1404(a); "Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").

As this Court has previously stated, a court need not and should not put on blinders when it considers this factor. The fact that section 1404(a) has been around for decades does not mean that "access" should be assessed the same way in 2015 as it was in 1948 or even, for that matter, in 2000. Some Federal Circuit decisions seem to point the other way, but they reflect a misunderstanding of how litigants and lawyers access relevant records these days. And contrary to the court's indication in *Genentech*, this in no way reads this factor out of the section 1404(a) analysis or renders it "superfluous." Rather, the Court is addressing the weight appropriately given this factor in the "individualized, case-by-case consideration of convenience and fairness" mandated by the Seventh Circuit, *Coffey*, 796 F.2d at 219, and the Supreme Court. *See Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964). As indicated above, this factor is neutral in the present case.

### e. Convenience of witnesses

Neither side identifies any witnesses who are located in this district. RAH identifies only one witness, its principal, who is located in Virginia. By contrast, it is highly likely that there are witnesses involved with the development of Adobe's allegedly infringing products who are located in the Northern District of California, where Adobe has its headquarters. This factor weighs in favor of transfer, though perhaps only slightly, as Adobe's witnesses are likely party witnesses who are likely to appear voluntarily. The reason is that "their participation in the suit will be obtained as part of their employment, rather than by their own willingness or the Court's subpoena power, and their compensation and expenses will be paid by their employers." *Caterpillar, Inc. v. ESCO Corp.,* 909 F. Supp. 2d 1026, 1031 (C.D. Ill. 2012).

### 2. Interests of justice

Consideration of the "interests of justice" under § 1404(a) "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. The Seventh Circuit has stated that factors typically considered "relate to the efficient administration of the court system." *Id.* at 221. One such factor involves "where the litigants are more likely to receive a speedy trial." *Id.* In addition, the Seventh Circuit has stated that "related litigation should be transferred to a forum where consolidation is feasible." *Id.*; *see also Heller Fin.*, 883 F.2d at 1293 ("trying related litigation together" is a relevant interests-of-justice factor). Another factor is the respective courts' familiarity with the applicable law. *See i*d. This, however, is typically a consideration only in diversity cases. It would be difficult to say, perhaps with some small number of exceptions, that any given federal judge is more

familiar with patent law than any other. Other factors that may be considered include 'the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal citation omitted).

The time to trial, as published in federal court statistical compilations, is several months shorter in the Northern District of California than here. But only a minuscule percentage of cases go to trial, and the time to disposition for cases that do not go to trial is approximately the same in both districts. And as the Federal Circuit has correctly noted, "case-disposition statistics may not always tell the whole story." *Genentech*, 566 F.3d at 1347. More to the point, the statistics in question cover the whole gamut of civil cases and say nothing about the time it takes patent infringement cases to get to trial. In short, the statistics that Adobe cites provide little assistance in determining whether the case would be resolved more quickly in one district or the other. In this case, this is not a significant factor in the analysis.

As far as the relationship of the two communities to the dispute, the Court has already addressed this in discussing where the events material to the lawsuit occurred. In a nutshell, this district has no relationship to RAH's dispute with Adobe, whereas the Northern District of California has a significant relationship to the dispute. This favors transfer, as the Court has indicated.

The last factor the Court will discuss is the matter of related litigation and the possibility of consolidation. The Seventh Circuit, as noted earlier, has specifically identified this as a relevant consideration under section 1404(a). *Coffey*, 796 F.2d at 220; *see also Heller Fin.*, 883 F.2d at 1293. RAH argues that if the case is transferred,

8

it will make it impossible to resolve together this case and RAH's other suit pending in this district. This is not appropriately given significant weight in this case, given the lack of any other material connection between this district and the parties, the witnesses, or the underlying dispute. Indeed, the Federal Circuit has indicated that in this scenario, the pendency of other related litigation in the district where the plaintiff filed is not a basis to defeat transfer of a particular lawsuit. *See In re Apple, Inc.*, 581 F. App'x 886 (Fed. Cir. 2014). *But see In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010) (declining to issue a writ of mandamus to direct the trial court to transfer a case where, among things, no defendant was actually located in the proposed transferee district).

In sum, the interests of justice favor transfer to some extent.

**3. RAH's fall-back proposal**

RAH argues that if the Court determines that transfer is appropriate, it should transfer the case to its home district, the Eastern District of Virginia, rather than to Adobe's home district. The Court overrules this request; RAH has made no effort to establish that the Eastern District of Virginia is a district "where [this suit] might have been brought," 28 U.S.C. § 1404(a), i.e. that personal jurisdiction over Adobe and venue are appropriate there.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to transfer [22] and directs the Clerk to transfer this case to the Northern District of California.

Date: May 28, 2018

_____
MATTHEW F. KENNELLY
United States District Judge